### SACHSE v. HELPER.

1. SALES—WEIGHTS AND MEASURES—EVIDENCE.
   The contentions of defendants, in an action for the price of rags sold, that the evidence conclusively showed the parties contemplated that defendants should weigh the rags, and also that the defendants' weights were shown to have been correct according to the government standard, *held* not supported by the evidence.

2. SAME—QUANTITY—STANDARD WEIGHTS.
   Although goods were not weighed by United States standard weights, the question of the true weight or quantity concerning which the evidence of the parties, based on their respective scales, was conflicting, was one of fact.

Error to Bay; Collins, J.   Submitted October 26, 1910. (Docket No. 118.)   Decided November 11, 1910.

Assumpsit in justice's court by Eli Sachse against Samuel and Harry Helper and another for the price of goods sold.   Plaintiff had judgment and defendants appealed to the circuit court.   Judgment for plaintiff and defendants bring error.   Affirmed.

163 MICH.—24.

*Gilbert W. Hand*, for appellants.

*Lewis P. Coumans*, for appellee.

STONE, J.   The litigation in this case involves the weight of some rags.   The plaintiff claims that in the month of June, 1908, he sold to defendants 3,080 pounds of rags at 75 cents a hundred.   The defendants claim that they bought 2,540 pounds only.   The difference is 540 pounds, or $4.05.   There was conflicting testimony as to the weight of the rags.   A careful reading of the record satisfies us that the balancing of the different scales was the only test applied by either party, and the question was as to the right weight, as matter of fact.   Such was the view of the circuit judge, and he submitted the case to the jury, and they found for the plaintiff in the sum above named.

The defendants have brought error, and in their assignments of error they claim:

(1) That the court erred in not directing a verdict for the defendants, and in refusing to give defendants' requests to charge, which were as follows:

"I charge you that the weight at Pinconning and West Bay City is no basis of the accuracy of the weights of the goods.   I charge you that there is no testimony that the Pinconning weight was according to the government standard of weights, and therefore plaintiff has failed to prove the actual weight, and therefore plaintiff cannot recover."

(2) That the court erred in charging the jury as follows:

"There is no agreement in this case as to when or how these goods were to be weighed between the parties. *    *    *    There is no agreement in this case that makes the Pinconning weight binding, or that makes the Helper weight binding."

Counsel for appellants argues his assignments of error together, and claims that the uncontradicted evidence shows that the rags sold to defendants were to be weighed by defendants on their scales.   In this contention we think

he is mistaken. He also claims that the defendants' weights were the correct weights according to the government standard of weights, and that they could not be impeached or disputed until the weights of some other scales that had been tested by the government standard of weights were introduced in evidence, and he refers to the case of *McGeorge* v. *Walker*, 65 Mich. 5 ( 31 N. W. 601 ), to sustain his position. The infirmity in the proposition is that there was no evidence to support it. Defendants rely upon the testimony of Joseph Julian upon this point. That witness testified as follows:

"The proper way to test scales is by the use of test weights. The city has a set here that were bought for the use of the sealer of weights and measures in Bay City. In the fall of 1907 I sold a pair of Buffalo scales, the kind that are fixed in the ground, to Helper Bros. At that time I tested them with the testing weights. They were correct when I put them in. This was in October, I think."

He further testified:

"The office of sealer of weights and measures is a dead letter in this town. They pay very little attention to it."

This was very far from showing that these scales had ever been tested by United States standard weights, or that they were correct in June, 1908.

To show how defendants' counsel understood it at the trial, we quote from the record his language in his motion to have the court direct a verdict:

"This motion is made for the reason that one set of scales is no comparison or criterion to test another set of scales by; that the only test is the government test; *that there is no evidence by either party that at the time of the weighing the test was in accordance with the government standard, either on the part of the plaintiff or on the part of the defendants;* that no presumption is to be drawn that the defendants' scales were incorrect by bringing in issue the weights of some other scales."

The circuit judge submitted the question of weights to the jury as one of fact, as follows:

" There is no agreement in this case as to when or how these goods were to be weighed between the parties. There is no agreement in this case that both of them should be present at the original weighing. There is no agreement in this case that makes the Pinconning weight binding, or that makes the Helper weight binding. The burden of proof is upon the plaintiff to show that the rags in question weighed 3,080 pounds. If you are satisfied from the testimony that the rags weighed 3,080 pounds, the plaintiff is entitled to a verdict of $4.05. If that weight is correct, then the plaintiff is entitled to that verdict. If, on the other hand, the weight of 2,540 pounds is correct, then the defendants are entitled to your verdict. If the burden of proof shows that the weighing on the part of the plaintiff is the correct weighing, then, as I have before stated, you will give a verdict to the plaintiff. If the testimony between the two weights is such that you cannot tell whether either of those weights is correct, your verdict will be for the defendants. The situation is such that the plaintiff must satisfy you not only that his weight is correct, but that the other weight, the weight of defendants, is incorrect. The burden of proof requires that."

It cannot reasonably be said that because these goods were not weighed by United States standard weights the question of the true weight or quantity is forever foreclosed. There was evidence in the case, *pro* and *con*, of the different weighings, the mode of reaching results by the different witnesses, the tests applied, and all of the attendant circumstances. This evidence was, we think, properly submitted to the jury, and they were asked to find the correct weight as a question of fact.

We find no error in the record, and the judgment of the circuit court is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.